IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:10-CR-18-FL
No. 4:13-CV-86-FL

| | |
|---|---|
| GERALD EUGENE WOOTEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This cause comes before the Court upon Petitioner Gerald Wooten's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to vacate"). (DE-44). The government seeks to dismiss the motion to vacate. (DE-47). Petitioner has also filed a motion to supplement his motion to vacate (DE-50), along with a response to the government's motion to dismiss. (DE-51). Accordingly, the matter is ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For the reasons set forth herein, it is RECOMMENDED that Petitioner's motion to vacate (DE-44) be DENIED, and that the Government's motion to dismiss (DE-47) be GRANTED.

I.  BACKGROUND

Petitioner was indicted on February 17, 2010 on four charges stemming from possession of marijuana and a firearm. DE-1. On October 14, 2012, he pled guilty to possession with intent to distribute a quantity of marijuana (Count One, 21 U.S.C. § 841(a)(1)) and possession of a

firearm in furtherance of a drug trafficking crime (Count Four, 18 U.S.C. § 924(c)(1)(A)), pursuant to a written plea agreement. (DE-33). The plea agreement included an appeal waiver, stating that Petitioner agreed to:

> waive knowingly and expressly all rights, conferred by 18 U.S.C. § 2742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement, DE-33 at ¶ 2(c). For its part, the government agreed to dismiss Count Two and Count Three of the indictment, charging Petitioner with possession of a firearm by a convicted felon and possession of a stolen firearm. *Id.* ¶ 4; *see also* DE-1.

Petitioner was sentenced on January 21, 2011 to a total term of imprisonment of 117 months (DE-40). He did not appeal his conviction or sentence to the Fourth Circuit, but filed the instant motion to vacate on April 1, 2013.

## II. PETITIONER's MOTION TO SUPPLEMENT (DE-50).

Petitioner has filed a motion to supplement his petition (DE-50) based on the Supreme Court's recent decision in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013). The government has not responded to this motion, and therefore, in the interest of justice, the undersigned GRANTS Petitioner's motion to supplement (DE-50) and has considered the substance of Petitioner's argument. *See United States v. Pittman*, 209 F.3d 314, 316–17 (4th Cir. 2000); *McNair v. McCune*, 527 F.2d 874, 875 (4th Cir. 1975) (courts should interpret the efforts of a pro se petitioner liberally). Nonetheless, Petitioner is not entitled to the relief he seeks.

As this Court has previously held, *Moncrieffe* "concerned whether a state criminal conviction qualified as an aggravated felony for deportation under the Immigration and Nationality Act," and, by the terms of the opinion itself, does not apply to federal prosecutions under 21 U.S.C. § 841. *Gooden v. United States*, No. 5:06-CR-313-1-FL, 2014 WL 358974, at *3 (E.D.N.C. Feb. 3, 2014). Thus, even setting aside the procedural hurdles that likely prevent Petitioner from raising this claim in the first place,[1] *Moncrieffe* has no bearing on Plaintiff's conviction and it is RECOMMENDED that any *Moncrieffe*-based claim be dismissed.

### III. PETITIONER'S MOTION TO VACATE

#### A. Legal Standards.

1. <u>Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)</u>

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.' " *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (emphasis in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court in *Twombly* upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. *See Monroe v. City of Charlottesville, Va.*, 579 F.3d 380, 386 (4th Cir. 2009), *cert. denied*, 130 S.Ct. 1740 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." *Simmons v. United Mortg. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) (internal

---

[1] For instance, this argument falls within the scope of Petitioner's appeal waiver, which he has not alleged was anything other than knowing and voluntary. *See United States v. Poindexter*, 492 F.3d 263, 267-68 (4th Cir. 2007). Moreover, Petitioner did not pursue a direct appeal and as a general rule, claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows either actual innocence or cause and prejudice. *United States v. Fugit*, 703 F.3d 248, 253 (4th Cir. 2012); *see also Massaro v. United States*, 538 U.S. 500, 504 (2003).

quotations and citations omitted). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Monroe*, 579 F.3d at 385–86 (quotation marks and alteration marks omitted).

   2. 28 U.S.C. § 2255

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). But "the scope of review of non-constitutional error is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* at 495-96.
The burden of proof is on the petitioner to establish his claim by a preponderance of the evidence. *See, e.g., Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence...."); *Toribio–Ascencio v. United States*, Nos. 7:05–CR–00097–FL, 7:08–CV–211– FL, 2010 WL 4484447 at *5 (E.D.N.C. Oct. 25, 2010) (same).

   3. Effect of Petitioner's Guilty Plea

A valid guilty plea constitutes admission of the material elements of the crime. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant "carry a strong presumption of verity" and "constitute a formidable barrier against any

subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In *Tollett*, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court observed that "[t]he focus of federal habeas inquiry is the nature of [defense counse's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id.* at 266–67. Thus, in a collateral attack, a petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. *Id.* Notably, statements made by a defendant during a hearing to accept a guilty plea are presumed to be truthful, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed. *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005).

        4.   Ineffective Assistance of Counsel

To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. *Strickland v. Washington*, 466 U.S. 668, 686–87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id*. at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

To establish prejudice in the context of a guilty plea, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have instead insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).

With these legal precepts in mind, the undersigned considers the instant petition.

**B. Equitable Tolling.**

Petitioner acknowledges that his petition is untimely, but argues that equitable tolling should apply. DE-44-1 at 4-6. Defendant responds that Petitioner has not made the requisite showing of reasonable diligence plus extraordinary circumstances. DE-48 at 2-5. For the reasons explained below, the undersigned agrees that equitable tolling may very well be warranted in this case, but finds that ultimate resolution of the issue is unnecessary because Petitioner's underlying ineffective assistance of counsel claim should be dismissed.

A petitioner must file his motion to vacate within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). This time limit, however, is subject to equitable tolling. *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005); *see also Holland v. Florida*, 560 U.S. 631, 645

(holding that the identical principle governs habeas review of state sentences under analogous statute). A "litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Because Petitioner did not file a direct appeal from his conviction and sentence, his conviction became final as of the expiration of the time for filing a direct appeal. *United States v. Johnson*, 203 F.3d 823, 2000 WL 140067 at *1, (4th Cir. 2000) (unpublished). The Federal Rules of Appellate Procedure provide that in a criminal case, a defendant must file a notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i) & 4(b)(6). Judgment was entered in Petitioner's criminal case on January 28, 2011, DE-40, and his conviction therefore became final on February 11, 2011. Petitioner's motion must therefore have been filed on or before February 11, 2012. It was not submitted until April 2013. DE-44. Accordingly, this Court may consider Petitioner's motion only if equitable tolling applies.

Petitioner alleges the following facts in support of his argument. He contacted an organization known as "Freedom Foundation" and paid them to file a motion to vacate on his behalf. DE-44-1 at 4-5, DE-44-2 at 1-2.[2] The organization allegedly undertook a review of his file and mailed a letter dated February 22, 2012—eleven days after the expiration of the deadline—stating as follows:

> This is to inform you that several of our attorneys and paralegals have completed a review of your case to determine whether there are grounds for relief available under Section 2255. Although we have researched your case extensively, it is our opinion that there

---

[2] Petitioner does not include in his allegations his initial date of contact, but it is noted that he contacted the Court to request information about how to obtain his transcripts in early 2011. DE-42 (March 2011 letter from court responding to request).

>are no grounds available that have any chance of being sustained . . . .
>
>One of the grounds we looked at was whether you [*sic*] decision to plead guilty was knowing and voluntary. However there were no errors made in the plea colloquy, and your admission of guilt during that hearing and pursuant to the plea agreement renders any challenge to your guilty plea virtually impossible to sustain. In fact, it could possibly result in an increased sentence for you.[3]

This letter, purportedly signed by K. Scott Williamson, Esq., did not inform Petitioner of any filing deadline or the fact that it had expired. DE-44-1 at 4; DE-44-2 at 1-2. Petitioner again contacted Freedom Foundation via telephone and paid them for a "further review" of his file. DE-44-2 at 5-6 (mentioning telephone conversation and noting that cost of review would be deducted from total cost of preparing Section 2255 petition). Freedom Foundation responded via letter, dated July 6, 2012, reversing course and telling Petitioner that he had "one good argument." *Id.* at 5. The letter further informed Petitioner that the time for filing a Section 2255 petition had expired, but "fortunately," the Supreme Court had recently decided *Missouri v. Frye*,[4] which would "mandate an evidentiary hearing in the majority of such cases" and "allows you to now raise an ineffective assistance of counsel during plea negotiations claim." *Id.* at 6. Notably, this letter was signed by Bill Green, an individual who did not use the "esquire" designation in his signature, yet offered to prepare the petition for $5500. *Id.*

---

[3] Where appropriate, the Federal Rules of Civil Procedure apply to Section 2255 petitions. *United States v. Pittman*, 209 F.3d 314, 316-17 (4th Cir. 2000). Under the Civil Rules, courts may consider materials attached to a complaint, as these letters were, when ruling on a motion to dismiss without converting it into one for summary judgment. *Feldman v. Law Enforcement Assocs. Corp.*, 779 F. Supp. 2d 472, 502 (E.D.N.C. 2011).

[4] It is noted that *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and its companion case, *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) addressed when a petitioner may show prejudice where "a plea offer has lapsed or been rejected because of counsel's deficient performance," and thus do not represent any sea change in a case such as Petitioner's, where a plea was accepted. *Cf. Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (establishing standard for ineffective assistance of counsel where a petitioner pled guilty, relied upon in *Lafler* and *Frye*).

The undersigned also takes judicial notice of disciplinary proceedings instituted against Kenneth Scott Williamson, Esq. by the Board of Professional Responsibility for the Supreme Court of Tennessee.[5] *See United States v. Sprouse*, 3:07-CR-211-2, 2011 WL 2414322 (W.D.N.C. June 10, 2011) (taking judicial notice of State Bar record reflecting disbarment), *rev'd on unrelated grounds*, 517 F. App'x 199 (4th Cir. 2013). On September 9, 2013, the Board issued a release announcing temporary suspension of Mr. Williamson, finding that his continued practice of law "poses a threat of substantial harm to the public," because:

> Mr. Williamson alleges that he left Freedom Foundation in September, 2011; however, Freedom Foundation has continued to accept fees from clients and file pleadings in Federal Court under Mr. Williamson's signature. Mr. Williamson has not withdrawn from cases in which he entered appearances.

*See* Board of Professional Responsibility of the Supreme Court of Tennessee, Release of Information, *Re: Kenneth Scott Williamson - BPR # 28802* (Sept. 9, 2013), *available at* http://www.tbpr.org/NewsAndPublications/Releases/Pdfs/Williamson%202249-6%20release%20and%20sc%20order.635143382828026621.pdf (last visited Mar. 3, 2014) (suspending Mr. Williamson until dissolution or modification by the Supreme Court).[6]

In light of these facts, Petitioner contends that while Freedom Foundation was supposed to be preparing a Section 2255 petition on his behalf, the organization "not only allowed the one year time period to expire, but gave grossly incorrect advice that no issues existed in which to file a motion to vacate." DE-44-1 at 5. He argues that he was "lulled into inaction" by the

---

[5] In ruling on a motion to dismiss, a court may take judicial notice of matters of public record. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396-97 (4th Cir. 2006).

[6] An additional petition for discipline was also filed against Mr. Williamson in January 2014. *See* Board of Professional Responsibility, Attorney Details (listing Petition for Discipline # 2014-2289-5-WM), *available at* http://www.tbpr.org/Consumers/AttorneySearch/AttorneyDetails.aspx?id=57bfe4a0-2552-df11-af15-00221913b451 (last visited Mar. 3, 2014).

organization's review and failure to advise him of the relevant deadline. DE-44-1 at 6.

Although "garden variety" attorney negligence generally does not support the application of equitable tolling, the Supreme Court has held that an attorney's egregious misconduct may provide grounds for application of the doctrine. *Holland*, 560 U.S. at 652; *accord Martin*, 408 F.3d at 1093-95; *Downs v. McNeil*, 520 F.3d 1311, 1321 (11th Cir. 2008) ("[O]ur fellow circuits have declined to impute attorney misconduct to a client where the attorney has made misrepresentations to the client, disregarded the client's instructions, refused to return documents, or abandoned the client's case."). *Cf. Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000) (simple mistake by counsel does not constitute "extraordinary circumstance"). Thus, an attorney's failure to do necessary research and violation of "fundamental canons of professional responsibility" "may well" constitute extraordinary circumstances. *Holland*, 560 U.S. at 652. As another example, when an attorney "consistently lied . . . about the filing deadline; repeatedly lied . . . about the status of [the] case," untimely filing may be excused. *Martin*, 408 F.3d at 1095 (remanding to district court for consideration of the merits of petitioner's motion to vacate); *Downs,* 520 F.3d at 1322 (overt deception by habeas counsel, if true, would constitute extraordinary circumstances).

In this case, Petitioner's first letter from Freedom Foundation was dated after September 2011—the date which, according to Mr. Williamson, the organization began to illicitly operate under the guise of his legal authority. Given the substance of the disciplinary proceedings in Tennessee, and the bizarre communications from Freedom Foundation, there is a strong possibility that petitioner was hoodwinked by an organization into paying money for sham

review of his case, and contrary to his belief, was not represented by an attorney at all.[7] In this scenario, "extraordinary circumstances" would be present. *Cf. Harris*, 209 F.3d at 330 ("We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.").

Yet Petitioner must also demonstrate that he has exercised reasonable diligence in pursuing his rights. "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 560 U.S. at 653 (internal citations and quotations omitted); *see also Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003) ("On remand, the district court should ask: did the petitioner act as diligently as reasonably could have been expected *under the circumstances* [including lack of access to legal assistance while incarcerated]?"). "The due diligence inquiry is an individualized one that must take into account the conditions of confinement and the reality of the prison system." *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002).

Petitioner contends that his action in hiring Freedom Foundation constitutes "diligence." DE-51 at 3. Without more, the mere act of retaining an attorney may not constitute reasonable diligence. *Cf. Holland*, 560 U.S. at 653 (petitioner wrote numerous letters to attorney, repeatedly contacted state court and bar association, and prepared his own habeas petition the same day he discovered counsel's error); *Downs* at 1324 (petitioner "sen[t] regular letters to counsel, participat[ed] in periodic meetings, and request[ed] confirmation that his state and federal motions were being drafted and filed"). And although Petitioner argues that he was unaware of the one year limitations period due to his reliance on counsel, in and of itself, "unfamiliarity with

---

[7] The alternative explanation, i.e., that Mr. Williamson misstated relevant dates (whether intentionally or not) before the Board of Professional Responsibility, is no more palatable and could also raise the specter of egregious misconduct.

the legal process or ignorance of the law cannot support equitable tolling." *United States v. Oriakhi*, 394 F. App'x 976, 977 (4th Cir. 2010); *cf. Martin*, 408 F.3d at 1095 (petitioner "did everything in [his] power to stay abreast of the status of his case"); *Fleming v. Evans*, 481 F.3d 1249, 1257 (10th Cir. 2007) (preparing own petition, while late, may establish reasonable diligence).

Nonetheless, it is unnecessary to reach this issue in order to resolve Plaintiff's petition.[8] Even assuming that equitable tolling would be appropriate, he has failed to allege facts in support of his ineffective assistance of counsel claim that would entitle him to relief. *Cf. McCarver v. Lee*, 221 F.3d 583, 598 (4th Cir. 2000) (stating, in Section 2254 context, that to survive motion to dismiss, a petitioner must allege facts that, if true, would entitle him to relief).

### C. Ineffective Assistance of Counsel: Failure to Move to Suppress

Petitioner alleges that his trial counsel was ineffective in failing to move to suppress evidence. Specifically, Petitioner contends that the search of his automobile as of his arrest violated the Fourth Amendment, pursuant to *Arizona v. Gant*, 336 U.S. 332 (2009), and that trial counsel should have moved to suppress the evidence obtained as a result of the search. DE-44-1 at 7-9.

By virtue of the plea agreement he entered, Petitioner has waived the right to challenge his sentence on any grounds other than "ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." DE–33 at ¶ 2(c). The Fourth Circuit has held that a defendant can, through a plea agreement, waive his appellate rights, as well as the right to collaterally attack his conviction. *See, e.g., Poindexter*, 492 F.3d at 267–68. These waivers are valid and enforceable so long as they are knowing and

---

[8] It is noted that the one-year statute of limitations imposed by Section 2255 is not jurisdictional in nature. *Holland*, 560 U.S. at 645.

voluntary. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005).

As discussed above, an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. *Tollett* at 266–67 (holding that "while claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not themselves independent grounds for federal collateral relief"). Nonetheless, "a guilty plea does not bar collateral review of allegations of ineffective assistance of counsel in so far as the alleged ineffectiveness bears on the voluntariness of the guilty plea." *Fields v. Attorney Gen. of State of Md.*, 956 F.2d 1290, 1296 (4th Cir. 1992).

Petitioner has not here met his burden to demonstrate that his counsel's failure to seek suppression of any evidence prior to entering into a plea agreement fell below an objective standard of reasonableness, nor that it had any impact whatever on the voluntariness of his plea. "Courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, in order to avoid the distorting effects of hindsight." *Strickland*, 466 U.S. at 689; *accord Merzbacher v. Shearin*, 706 F.3d 356, 365 (4th Cir. 2013). "The law does not require counsel to raise every available nonfrivolous defense," *Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009), and whether to file a pre-trial motion is precisely the type of strategic decision a court should not second guess. *See Higgs v. United States*, 711 F. Supp. 2d 479, 515 (D. Md. 2010) (citing *Byram v. Ozmint*, 339 F.3d 203, 209 (4th Cir. 2003); *cf. Sexton v. French*, 163 F.3d 874, 885 (4th Cir.1998) (discussing fact that decisions regarding which pretrial motions to file are a tactical decision within the attorney's, not the client's, discretion). Moreover, hindsight judgment of counsel's performance in securing early resolution of a case should be viewed with additional caution. As the Supreme Court recently recognized:

> There are certain differences between inadequate assistance of counsel claims in cases where there was a full trial on the merits and those, like this one, where a plea was entered even before the prosecution decided upon all of the charges.... Hindsight and second guesses are also inappropriate, and often more so, where a plea has been entered without a full trial or, as in this case, even before the prosecution decided on the charges. The added uncertainty that results when there is no extended, formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance. Counsel, too, faced that uncertainty. There is a most substantial burden on the claimant to show ineffective assistance. The plea process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges in cases not only where witnesses and evidence have disappeared, but also in cases where witnesses and evidence were not presented in the first place.

*Premo v. Moore*, 131 S.Ct. 733, 745–46 (2011). *Premo* addressed an ineffective assistance of counsel claim brought by a petitioner who alleged that his plea counsel should have sought suppression of a confession, and emphasized that "[a] defendant who accepts a plea bargain on counsel's advice does not necessarily suffer prejudice when his counsel fails to seek suppression of evidence, <u>even if it would be reversible error for the court to admit that evidence</u>." *Id.* at 744 (emphasis added).

Here, Petitioner does not offer plausible allegations that meet his "substantial burden" to show ineffective assistance, for three reasons. First, while Petitioner claims that a motion to suppress would have been successful, he nowhere alleges, as he must, that had circumstances been different, he would not have pled guilty, and that doing so would have been a reasonable decision in light of all the facts. *See Hill*, 474 U.S. at 59; *Fugit*, 703 F.3d at 260.

Relatedly, opting not to contest the charges was a reasonable decision: due to his prior criminal history, and under governing law at the time of his sentencing, Petitioner may have been

14

Case 4:10-cr-00018-FL   Document 53   Filed 03/07/14   Page 14 of 16

exposed to Armed Career Criminal Act penalties if convicted of Count Two (18 U.S.C. §§ 922(g)(1) & 924), which was dismissed as part of his plea agreement. *See* DE-38 (sealed), *adopted by* DE-41 (sealed); 18 U.S.C. § 924(e). Petitioner therefore benefited from the certainty of a plea agreement and the dismissal of Counts Two and Three. *See e.g.*, *Huddleston v. United States*, No. 3:11–cv–403, 2012 WL 5949469 (S.D. W.Va. Aug. 29, 2012) (because defendant "made an intelligent decision about whether or not to fight the charges against him ... his post facto contention that counsel should have pursued the suppression motion is frivolous").

Finally, Petitioner's allegations regarding the purported success of any motion to suppress do not plausibly support his claim of ineffective assistance. His reliance upon *Arizona v. Gant*, 556 U.S. 332 (2009), is misplaced. The Supreme Court's decision in that case addressed only one exception—a search incident to arrest—to the general prohibition against warrantless searches. *See id.* at 338 ("Among the exceptions to the warrant requirement is a search incident to a lawful arrest.") (emphasis added). *Gant* does not establish a blanket rule that police cannot search an automobile when the vehicle's owner is in custody. Indeed, the law recognizes several other exceptions that could potentially have applied in this case. *See generally United States v. Johnson*, 492 F. App'x 437, 441 (4th Cir. 2012) (inventory search exception when moving an arrestee's vehicle for safety reasons) (citing *South Dakota v. Opperman*, 428 U.S. 364, 369 (1976) ("The authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge."); *United States v. Kelly*, 592 F.3d 586, 589-90 (4th Cir. 2010) (discussing automobile exception and probable cause that contraband was present); *United States v. Rumley*, 588 F.3d 202, 205 (4th Cir. 2009) (plain view exception, in vehicle context). The facts as alleged here, even if true, do not establish that counsel's failure to move to suppress fell below an objective standard of reasonableness, nor that

15

Petitioner was prejudiced by this failure. Naming counsel's failure to raise a *Gant* argument as ineffective is precisely the type of "second guessing" that the Supreme Court cautioned against in *Premo*. *See Smith v. US*, 5:07–cr–11–D, 2013 WL 2629874 (E.D.N.C. Jun. 11, 2013) (failure to file motion to suppress pre-plea did not constitute ineffective assistance of counsel).

## IV. CONCLUSION

In sum, Petitioner cannot meet his "most substantial burden" to show that his counsel's failure to move to suppress evidence either fell below an objective standard of reasonableness or affected the voluntariness of Petitioner's plea. *See Fugit*, 703 F.3d at 260 (A guilty plea "may not be lightly undone by buyer's remorse."). Accordingly, his motion to vacate fails to state a claim upon which relief may be granted. The undersigned therefore RECOMMENDS that Petitioner's motion to vacate (DE-44) be DENIED, and that the government's motion to dismiss (DE-47) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, March 07, 2014.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE