IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:10-CR-18-FL-1
NO. 4:13-CV-86-FL

| | | |
|---|---|---|
| GERALD EUGENE WOOTEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, (DE 44), respondent's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), (DE 47), and petitioner's motion to supplement his motion to vacate (DE 50). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R"), wherein it is recommended that petitioner's motion to supplement be granted, but that his motion to vacate ultimately be denied and the government's motion to dismiss petitioner's § 2255 motion be granted. (DE 53). Petitioner has filed objections, and the time for response has passed. In this posture the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the M&R. It grants petitioner's motion to supplement (DE 50), but ultimately grants respondent's motion to dismiss (DE 47), and dismisses petitioner's motion to vacate. (DE 44).

## BACKGROUND

Petitioner was indicted March 17, 2010, on four charges related to possession of marijuana and a firearm. (DE 1). On April 26, 2010, petitioner and his counsel at the time, James A. Martin, signed into a written plea agreement. (DE 15). Martin subsequently withdrew from the case on June 1, 2010, and was replaced by Marcia Kaye Stewart ("Stewart"), who represented petitioner through sentencing. (DE 17, 19, 39). Pursuant to the plea agreement, petitioner pleaded guilty on October 14, 2010, to possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On January 21, 2011, judgment was entered and petitioner was sentenced to 117 months imprisonment. He did not appeal his conviction or sentence. Rather, over two years later, he filed the instant motion to vacate on April 1, 2013.

In apparent anticipation of a challenge to the timeliness of his motion, petitioner submitted a memorandum referenced by his motion to vacate, which asserts that " 'extraordinary' circumstances exist," due to his interactions with K. Scott Williamson ("Williamson") and an organization known as Freedom Foundation. (Pet's. Memo., 4) (DE 44-1). In particular, petitioner alleges, at an unspecified date, he paid a fee and retained Williamson to research and file a motion to vacate. Exhibit A to petitioner's motion to vacate is a letter dated February 22, 2012, bearing Williamson's signature, and informing petitioner that "there are no grounds available that have any chance of being sustained." (Pet's. Ex. A) (DE 44-2, 2).[1] Exhibit B to petitioner's motion to vacate is a letter dated July 6, 2012 ("July 2012 Letter"), stating that "[p]er our phone conversation, we have conducted a further review of your case . . . . After doing so, we believe that you do have one

---

[1] In considering a motion to vacate, a court may consider "the motion, any attached exhibits, and the record of prior proceedings." Rules Governing Section 2255 Cases, Rule 4(b).

good argument and an avenue to present that claim." (Pet's. Ex. B) (DE 44-2, 5). The July 2012 Letter goes on to assert that, "the sheriff or sheriff's deputy did not have a warrant to search your car, nor did he have consent from you to do so" and that the failure of petitioner's attorney to challenge the search constituted ineffective assistance. (Id.).

Williamson has been the subject of disciplinary proceedings by the Board of Professional Responsibility for the Supreme Court of Tennessee. See Board of Professional Responsibility of the Supreme Court of Tennessee, Release of Information, Re: Kenneth Scott Williamson-BPR #28802 (Sept. 9, 2013) (available at https://bpr_website.s3.amazonaws.com/pdfs/WILLIAMSON%202249-6%20RELEASE%20AND%20SC%20ORDER.635143382828026621.pdf) (last visited March 5, 2015).[2] A release announcing Williamson's temporary suspension documents that

> Mr. Williamson alleges that he left Freedom Foundation in September 2011; however, Freedom Foundation has continued to accept fees from clients and file pleadings in Federal Court under Mr. Williamson's signature. Mr. Williamson has not withdrawn from cases in which he entered appearances.

Id.

Petitioner alleges that Freedom Foundation "not only allowed the time period [to file a section 2255 motion] to expire, but gave grossly incorrect advice that no issues existed in which to file a motion to vacate." (Pet's. Memo., 5). He further alleges that he was "lulled into inaction by the Freedom [F]oundation attorneys." (Id.).

Petitioner's memorandum goes on to assert a claim for ineffective assistance based on Stewart's failure to file a Fourth Amendment suppression motion against evidence obtained through

---

[2] A court may take judicial notice of matters of public record in considering a motion to dismiss a section 2255 petition. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Hall v. United States, No. 4:12-02462-TLW, 2014 WL 130446, at *2 (Jan. 14, 2014).

a search of his automobile. Respondent filed the instant motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), on May 7, 2013. Subsequently, on May 29, 2013, petitioner filed a motion to supplement his earlier motion. Petitioner's motion to supplement asserts an additional claim, based on the Supreme Court's decision in Moncrieffe v. Holder, 133 S. Ct. 1678 (2013), that petitioner's marijuana conviction is invalid because "the marihuana possession with intent to distribute no longer under the facts of [petitioner's] case qualif[ies] as a controlled substance offense." (Mot. to Supp., 1). The government did not respond.

The magistrate judge issued a memorandum and recommendation (M&R) on March 7, 2014, recommending that the court grant petitioner's motion to supplement. Nevertheless, the M&R recommends that the court dismiss the Moncrieffe claim which petitioner asserts in the motion to supplement, as it does not apply to federal prosecutions. The M&R also recommends the court dismiss the remainder of petitioner's motion to vacate, because the claim asserted therein, for ineffective assistance based on counsel's failure to move to suppress evidence, lacked allegations demonstrating that counsel's failure to so move fell below an objective standard or reasonableness or had any impact on the voluntariness of petitioner's guilty plea.

In his objections, petitioner asserts an ineffective assistance of counsel claim based on Stewart's failure to file a notice of appeal. Specifically, petitioner alleges that:

> [I]mmediately following the sentencing hearing in this case, Petitioner instructed his counsel to file a notice of appeal. Specifically, Petitioner instruc[ted] his counsel "to appeal both his guilty plea (the knowing and voluntary nature), and his sentence (§ 924(c)(1)(A) consecutive sentence), and the criminal history determ[in]ation. In response, counsel assured Petitioner that [s]he would do so. Upon being committed to the Federal Bureau of Prisons, Petitioner attempted to contact counsel on several occasions both by phone and by letter in order to determine the status of his appeal. However, Petitioner was without success.

(Obj. 2) (DE 54).

4

**DISCUSSION**

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As noted, petitioner's original motion to vacate asserted a claim for ineffective assistance of counsel based on Stewart's failure to investigate facts and argue a Fourth Amendment violation in a motion to suppress. Petitioner's motion to supplement asserted that his sentence was invalid pursuant to the Supreme Court's decision in Moncrieffe v. Holder, 133 S. Ct. 1678 (2013). Petitioner's "objections" consist solely of an entirely new ground for ineffective assistance, alleging that petitioner's counsel failed to pursue an appeal.

Under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(2), objections are to be made "to the proposed findings and recommendations" of the magistrate judge. Objections are not the appropriate mechanism to assert entirely new claims. See Price v. Dixon, 961 F. Supp. 894, 899 (E.D.N.C. 1997) (plaintiff could not assert new claim for denial of medical treatment for the first time in objections to M&R); see also White v. United States, 4:06-CR-68-FL, 2012 WL 3023392, at *2 (E.D.N.C. July 24, 2012). These objections fail to "direct the court to a specific error

5

in the magistrate's proposed findings and recommendations," and offer no reason why the court should not adopt the M&R. Orpiano, 687 F.2d at 47. Moreover, the court finds no clear error in the M&R's findings or recommendations. Diamond, 416 F.3d at 315. It therefore adopts the M&R's recommendation to deny petitioner's motion to vacate, so far as petitioner's motion is premised on ineffective assistance arising from counsel's failure to file a motion to suppress.

To the extent plaintiff is seeking to amend his motion to add a new claim for ineffective assistance of counsel based on counsel's failure to appeal, the motion to amend must be denied. Rule 12 of the Rules Governing Section 2255 Proceedings states that, "[t]he Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Courts have typically applied Federal Rule of Civil Procedure 15 to the amendment of a section 2255 motion. United States v. Pittman, 209 F.3d 314, 316-17 (4th Cir. 2000). Under Rule 15, a party may only amend its pleading as a matter of course within 21 days of serving the pleading, or 21 days after service of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). Otherwise, a party must seek the opposing party's written consent or the court's leave. Id., 15(a)(2). Leave to amend a pleading is properly denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986). To deny for futility, the amendment must be "clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 509.

Petitioner's proposed amendment is futile because it is untimely. As an initial matter, in order to determine timeliness, it is proper to first determine the appropriate date that petitioner filed

6

his claim. Pursuant to Rule 15(c)(1), an amendment to a pleading "relates back to the date of the original pleading" only when "(A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted." Rule 15(c)(1)(B) is the only rule potentially applicable here.

A belatedly filed amended claim cannot relate back to timely filed claims under Rule 15(c)(1)(B) merely because the claims all arose from the same trial, conviction, or sentence. Mayle v. Felix, 545 U.S. 644, 664 (2005). Rather, relation back is permitted only when the original and amended claims depend on the existence of "a common core of operative facts." Id. In Pittman, the Fourth Circuit held that petitioner's section 2255 ineffective assistance claim relating to counsel's failure to file an appeal did not relate back to his original section 2255 claims based on a challenge to the district court's lack of jurisdiction, an improper sentencing enhancement, and a lack of evidence to establish the drugs at issue at sentencing. Pittman, 209 F.3d at 317-18. Pittman found the proposed amended claims did not relate back because they arose from "separate occurrences of 'both time and type.'" Id. at 318 (quoting United States v. Claycraft, 167 F.3d 451, 457 (8th Cir. 1999)). In Claycraft, relied on by Pittman, the United States Court of Appeals for the Eighth Circuit held that a section 2255 petitioner's ineffective assistance claim based on his counsel's failure to file an appeal did not relate back to the petitioner's original ineffective assistance claims based on counsel's failure to pursue a downward departure and counsel's failure to object to the type of drugs at issue at sentencing. Craycraft, 167 F.3d at 457.

7

Similarly here, the court does not find that counsel's ineffective assistance in failing to file an appeal based on the knowing and voluntary nature of his guilty plea, his sentence, or his criminal history determination arose from a common core of operative facts as his original ineffective assistance claim based on counsel's failure to file a suppression motion. Mayle, 545 U.S. at 664. These claims arose from separate occurrences of both time and type. Pittman, 209 F.3d at 318. Consequently, the date that petitioner actually filed his "objections," March 25, 2014, is the proper date for assessing the timeliness of his claim.

A one-year period of limitation applies to section 2255 motions, which begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's allegations fail to show any impediment created by government action, or any new right recognized by the Supreme Court. Rather, the facts alleged implicate section 2255(f)(1) or (2) only.

It is clear that petitioner's claim is untimely under section 2255(f)(1). Petitioner's conviction became final on the expiration of the time for filing an appeal. See United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (citing Clay v. United States, 537 U.S. 522, 525 (2003)). The

Federal Rules of Appellate Procedure provide that in a criminal case, a defendant must file a notice of appeal within 14 days after the entry of judgment on the criminal docket. Fed. R. App. P. 4(b)(1)(A)(i) & 4(b)(6). Judgment entered January 21, 2011, thus petitioner's conviction became final on February 4 of that year. Petitioner was required to file by February 4, 2012 in order to satisfy the period of limitations corresponding to section 2255(f)(1). He missed this deadline by over two years.

It is also clear that petitioner's claim is untimely under section 2255(f)(4), because his motion, attached documents and the public record demonstrate that more than one year passed from the date that petitioner could have discovered the facts supporting his claim through the exercise of due diligence. In Wade v. Robinson, 327 F.3d 328 (4th Cir. 2003), the Fourth Circuit considered the timeliness of a habeas corpus petitioner's petition. Id. at 329. The court applied section 2244(d)(1)(D), which has a similar provision to section 2255(f)(D) here, starting the date for the period of limitation at "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id. at 333. The court found this date coincided with the date on which petitioner could have discovered his claim through the public record. Id. Accordingly, a plaintiff may not rely merely on counsel's non-responsiveness to avoid triggering the period of limitations pursuant to section 2255(f)(4). See O'Neal v. South Carolina, No. 9:08-587-HFF-BM, 2008 WL 4960423, at *4 (D.S.C. Nov. 20, 2008) ("Trial counsel's failure to file an appeal was public knowledge for almost two years, and, thus, it could have been discovered through the exercise of due diligence."); see also McNatt v. United States, No. 5:08-CR-359-FL, 2014 WL 70077, at *7 (E.D.N.C. Jan. 9, 2014) ("After receiving no response from [counsel] . . . regarding the appeal, [a] reasonably diligent person in [petitioner's] position could and should

9

have ascertained whether an appeal had been taken a short time after the appeal deadline had passed.").

The only allegations which set forth additional circumstances related to petitioner's failure to file his claim concern petitioner's interactions with Freedom Foundation. On this matter, petitioner's allegations, the exhibits attached to his section 2255 motion, and the public record suggests that petitioner may have been the victim of a scheme to bilk federal prisoners, as explained in greater detail in the M&R. Yet this fails to demonstrate that petitioner acted with due diligence. Even if petitioner did not know of his counsel's failure to file an appeal, and even if petitioner was "lulled into inaction" in reliance on Freedom Foundation in a manner that might excuse his failure to file his claim (Pet's. Memo, 5), this does not explain why petitioner waited to file his motion to vacate until nearly two years after receiving the July 2012 Letter that represented Freedom Foundation's ultimate recommendation on his case. Drawing all inferences in favor of plaintiff, the latest date on which petitioner could have discovered the facts underlying his claim through the exercise of due diligence was approximately July 2012, when he had both Freedom Foundation's recommendation and access to the public docket showing that counsel had failed to file appeal. Any claim would be due by July 2013 – still over seven months prior to the date petitioner actually filed the "objections" including this new claim. Thus, petitioner failed to meet the period of limitations corresponding to section 2255(f)(4). Consequently, it is clear from plaintiff's "objections," in conjunction with the documents already on record, that any claim based on counsel's failure to appeal is barred by the period of limitations applicable to section 2255 claims. 28 U.S.C. § 2255(f).

Equitable tolling may be available in "those rare instances where-due circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the

10

party and gross injustice would result." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)). To be entitled to equitable tolling, the petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)). For the reasons explained above, petitioner fails to allege sufficient facts to show that he had been pursuing his rights diligently, where he alleges only that he unsuccessfully attempted to contact counsel on several occasions to determine the status of his claim, but fails to allege other efforts taken to determine the status of his appeal or other circumstances that might have prevented him from ascertaining that the filing deadline had passed.

For these reasons, the court adopts the M&R and grants respondent's motion to dismiss.

**C.      Certificate of Appealability**

A section 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issues should have been decided differently or show the issues raised are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can

11

demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484).

After reviewing the claims presented in the motion to vacate in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and that none of the issues presented by petitioner are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objections have been filed, and upon considered review of those portions to which no such objection has been made, the court overrules petitioner's objections. Accordingly, the court ADOPTS the M&R as its own. Petitioner's motion to supplement (DE 50) is GRANTED, but his motion to vacate (DE 44) is ultimately DENIED. Respondent's motion to dismiss is GRANTED. (DE 47). A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 9th day of March, 2015.

*[signature]*
_____
LOUISE W. FLANAGAN
United States District Judge